DELFINO MADDEN O'MALLEY COYLE
& KOEWLER LLP
JENNIFER RANDLETT MADDEN (Bar No. 184905)
MONICA HANS FOLSOM (Bar No. 227379)
KRISTIN N. IVANCO (Bar No. 294993)
500 Capitol Mall, Suite 1550
Sacramento, CA 95814
Telephone:      (916) 661-5700
Facsimile:      (916) 661-5701
jmadden@delfinomadden.com
mfolsom@delfinomadden.com
kivanco@delfinomadden.com

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE NEVITT, Ph.D., <br><br> Plaintiff, <br><br> vs. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Defendant. | Case No.: 2:20-cv-02311-MCE-CKD <br><br> **THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Complaint Filed:   November 19, 2020 <br> Trial Date:   None Scheduled |

Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents" or "Defendant") hereby answers, objects, and otherwise responds to Plaintiff GABRIELLE NEVITT, PH.D.'s ("Plaintiff") Complaint [Dkt. No. 1] ("Complaint") on file herein as follows:

**PRELIMINARY STATEMENT**

1.      Answering paragraph 1 of the Complaint, this Paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 1.

1

**JURISDICTION**

2      2.      Answering paragraphs 2 through 3 of the Complaint, these paragraphs contain

3  conclusions of law to which no response is required, and, on that basis, Defendant denies each

4  and every such allegation contained within paragraphs 2 through 3.

5

**VENUE**

6      3.      Answering paragraph 4 of the Complaint, this Paragraph contains conclusions of

7  law to which no response is required, and, on that basis, Defendant denies each and every such

8  allegation contained within paragraph 4.

9

**PARTIES**

10      4.      Answering paragraph 5 of the Complaint, Defendant lacks information or

11  knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff was a tenured

12  professor "at all relevant times to this controversy" and that Plaintiff is "a resident of Winters,

13  California" and on that basis denies those allegations.

14      5.      Answering paragraph 6 of the Complaint, Defendant admits the allegations

15  contained within paragraph 6.

16

**STATEMENT OF FACTS**

17      6.      Answering paragraph 7 of the Complaint, Defendant admits it employed Plaintiff

18  from approximately 1995 to the present. Defendant further admits Plaintiff was a professor in the

19  Department of Neurobiology, Physiology and Behavior in the College of Biological Sciences.

20  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the

21  remaining allegations in paragraph 7 and on that basis denies those allegations.

22      7.      Answering paragraph 8 of the Complaint, Defendant is without sufficient

23  knowledge or information to form a belief as to the truth of the allegations contained in paragraph

24  8 of the Complaint, and, on that basis, denies each and every material factual allegation contained

25  therein. To the extent allegations in paragraph 8 contain conclusions of law to which no response

26  is required, Defendant denies each and every such allegation on that basis.

27      8.      Answering paragraph 9 of the Complaint, Defendant is without sufficient

28  knowledge or information to form a belief as to the truth of the allegations contained in paragraph

9 of the Complaint, and, on that basis, denies each and every material factual allegation contained therein.

9.      Answering paragraph 10 of the Complaint, Defendant admits that Plaintiff was a faculty member of the UC Davis Graduate Group in Ecology and served on the Graduate Group in Ecology Executive Committee. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and on that basis denies those allegations.

10.     Answering paragraph 11 of the Complaint, Defendant admits the material allegations contained therein.

11.     Answering paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and, on that basis, denies each and every material factual allegation contained therein.

12.     Answering paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and, on that basis, denies each and every material factual allegation contained therein.

13.     Answering paragraph 14 of the Complaint, this paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 14.

14.     Answering paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and, on that basis, denies each and every material factual allegation contained therein.

15.     Answering paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies each and every material allegation contained therein. To the extent allegations in paragraph 16 contain conclusions of law to which no

1   response is required, Defendant denies each and every such allegation on that basis.

2      16.   Answering paragraph 17 of the Complaint, Defendant is without sufficient

3   knowledge or information to form a belief as to the truth of the allegations contained in paragraph

4   17 of the Complaint, and on that basis denies each and every material allegation contained

5   therein. To the extent allegations in paragraph 17 contain conclusions of law to which no

6   response is required, Defendant denies each and every such allegation on that basis.

7      17.   Answering paragraph 18 of the Complaint, Defendant lacks information or

8   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18

9   and on that basis denies those allegations.

10      18.   Answering paragraphs 19 through 21 of the Complaint, Defendant is without

11   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

12   paragraphs 19 through 21 of the Complaint, and on that basis denies each and every allegation

13   contained therein.

14      19.   Answering paragraphs 22 and 23 of the Complaint, Defendant admits that Plaintiff

15   took a sabbatical. Defendant lacks information or knowledge sufficient to form a belief as to the

16   truth of the remaining material allegations in paragraphs 22 and 23 and on that basis denies those

17   allegations.

18      20.   Answering paragraphs 24 through 25 of the Complaint, Defendant lacks

19   information or knowledge sufficient to form a belief as to the truth of the remaining material

20   allegations in paragraphs 24 and 25 and on that basis denies those allegations. To the extent these

21   paragraphs contain conclusions of law to which no response is required, and, on that basis,

22   Defendant denies each and every such allegation contained within paragraphs 24 through 25.

23      21.   Answering paragraph 26 of the Complaint, Defendant is without sufficient

24   knowledge or information to form a belief as to the truth of the allegations contained in paragraph

25   26 of the Complaint, and on that basis denies each and every allegation contained therein. To the

26   extent allegations in paragraph 26 contain conclusions of law to which no response is required,

27   Defendant denies each and every such allegation on that basis.

28      22.   Answering paragraph 27 of the Complaint, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies each and every allegation contained therein.

23.   Answering paragraph 28 through 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 28 through 30 of the Complaint, and on that basis denies each and every material allegation contained therein. To the extent allegations in paragraphs 28 through 30 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

24.   Answering paragraphs 31 through 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 31 through 32 of the Complaint, and on that basis denies each and every allegation contained therein.

25.   Answering paragraph 33 of the Complaint, this paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 33.

26.   Answering paragraphs 34 through 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 34 through 40 of the Complaint, and on that basis denies each and every allegation contained therein.

27.   Answering paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and on that basis denies each and every allegation contained therein. To the extent allegations in paragraph 41 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

28.   Answering paragraphs 42 of the Complaint, Defendant admits that Plaintiff was dismissed from the Graduate Group in Ecology. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint, and on that basis denies each and every allegation contained therein.

29.     Answering paragraphs 43 through 44 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 43 through 44 of the Complaint, and on that basis denies each and every allegation contained therein.

30.     Answering paragraph 45 of the Complaint, Defendant admits that Plaintiff filed a claim with the Title IX office at the University of California, Davis. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint, and on that basis denies each and every allegation contained therein. To the extent this paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 45.

31.     Answering paragraphs 46 through 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 46 through 47 of the Complaint, and on that basis denies each and every allegation contained therein.

32.     Answering paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and on that basis denies each and every material allegation contained therein. To the extent allegations in paragraph 48 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

33.     Answering paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and on that basis denies each and every allegation contained therein. To the extent allegations in paragraph 49 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

34.     Answering paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and on that basis denies each and every allegation contained therein. To the

extent allegations in paragraph 50 contains conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

35.    Answering paragraph 51 of the Complaint, Defendant admits Plaintiff filed an appeal of her dismissal with the Graduate Group in Ecology Executive Committee. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and on that basis denies those allegations. To the extent allegations in paragraph 51 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

36.    Answering paragraphs 52 through 53 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 52 through 53 of the Complaint, and on that basis denies each and every allegation contained therein.

37.    Answering paragraph 54 of the Complaint, Defendant admits that Plaintiff no longer serves on the Graduate Group in Ecology's Executive Committee. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and on that basis denies those allegations. To the extent allegations in paragraph 54 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

38.    Answering paragraphs 55 through 58 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 55 through 58 of the Complaint, and on that basis denies each and every allegation contained therein.

39.    Answering paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and on that basis denies each and every material allegation contained therein. To the extent allegations in paragraph 59 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

40.    Answering paragraph 60 of the Complaint, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and on that basis denies each and every allegation contained therein.

41.   Answering paragraph 61 of the Complaint, Defendant admits all material allegations contained in this paragraph.

42.   Answering paragraph 62 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis denies each and every allegation contained therein.

43.   Answering paragraphs 63 through 64 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 63 through 64 of the Complaint, and on that basis denies each and every allegation contained therein.

44.   Answering paragraph 65 of the Complaint, this paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 65.

45.   Answering paragraph 66 of the Complaint, Defendant admits that, on or about January 13, 2017, that Graduate Group in Ecology Chair Chris Grosholz sent Plaintiff a letter dismissing Plaintiff from a graduate student's thesis committee. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and on that basis denies those allegations. To the extent allegations in paragraph 66 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

46.   Answering paragraph 67 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and on that basis denies each and every allegation contained therein.

47.   Answering paragraph 68 of the Complaint, Defendant admits that Vice Provost Maureen Stanton sent a letter to Plaintiff on or about March 2, 2017 regarding a disciplinary action. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and on that basis denies those allegations.

48.     Answering paragraphs 69 through 70 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 69 through 70 of the Complaint, and on that basis denies each and every allegation contained therein.

49.     Answering paragraph 71 of the Complaint, Defendant admits Plaintiff took a medical leave in or about 2017. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and on that basis denies each and every allegation contained therein.

50.     Answering paragraphs 72 through 76 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 72 through 76 of the Complaint, and on that basis denies each and every allegation contained therein.

51.     Answering paragraph 77 of the Complaint, Defendant admits that Plaintiff submitted paperwork to the Department of Neurobiology, Physiology and Behavior seeking a promotion to step 6.5. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and on that basis denies those allegations.

52.     Answering paragraphs 78 through 80 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 78 through 80 of the Complaint, and on that basis denies each and every allegation contained therein.

53.     Answering paragraph 81 of the Complaint, Defendant admits that Plaintiff was placed on administrative leave on or about December 20, 2018. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and on that basis denies those allegations.

54.     Answering paragraphs 82 through 83 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 82 through 83 of the Complaint, and on that basis denies each and every allegation contained therein.

55.   Answering paragraph 84 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 84. To the extent this paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 84.

56.   Answering paragraph 85 of the Complaint, Defendant admits that Plaintiff's request for promotion to Step 6.5 was denied. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and on that basis denies those allegations.

57.   Answering paragraph 86 of the Complaint, Defendant admits that the Committee on Privilege and Tenure held a two-day hearing commencing on or about May 2, 2019 regarding Plaintiff's grievance. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 and on that basis denies those allegations.

58.   Answering paragraph 87 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and on that basis denies each and every allegation contained therein.

59.   Answering paragraph 88 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and on that basis denies each and every allegation contained therein. To the extent allegations in paragraph 88 contain conclusions of law to which no response is required, Defendant denies each and every such allegation on that basis.

60.   Answering paragraphs 89 through 90 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 89 through 90 of the Complaint, and on that basis denies each and every allegation contained therein.

61.   Answering paragraph 91 of the Complaint, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 and on that basis denies those allegations.

62.     Answering paragraphs 92 through 103 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 92 through 103 of the Complaint, and on that basis denies each and every allegation contained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

63.     Answering paragraphs 104 through 105 of the Complaint, these paragraphs contain conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraphs 104 through 105.

## FIRST CLAIM – TITLE IX RETALIATION

### (20 U.S.C. § 1681 *et seq.*)

64.     Answering paragraph 106 of the Complaint, Defendant reasserts and incorporates by reference paragraphs 1 through 63 of its Answer as though fully set forth herein.

65.     Answering paragraph 107 of the Complaint, these paragraphs contain conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 107.

## SECOND CLAIM – TITLE VII DISCRIMINATION

### (42 U.S.C. § 2000e *et seq.*)

66.     Answering paragraph 108 of the Complaint, Defendant reasserts and incorporates by reference paragraphs 1 through 65 of its Answer as though fully set forth herein. Further answering paragraph 108 of the Complaint, this paragraph contains conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such allegation contained within paragraph 108.

## THIRD CLAIM – TITLE VII RETALIATION

### (42 U.S.C. § 2000e *et seq.*)

67.     Answering paragraph 109 of the Complaint, Defendant reasserts and incorporates by reference paragraphs 1 through 66 of its Answer as though fully set forth herein.

68.     Answering paragraph 110 of the Complaint, these paragraphs contain conclusions of law to which no response is required, and, on that basis, Defendant denies each and every such

1   allegation contained within paragraph 110.

2   ## FOURTH CLAIM – FEHA GENDER DISCRIMINATION

3   (California Government Code § 12940(a))

4   69.     Answering paragraph 111 of the Complaint, Defendant reasserts and incorporates

5   by reference paragraphs 1 through 68 of its Answer as though fully set forth herein.

6   70.     Answering paragraph 112 of the Complaint, this paragraph contains conclusions

7   of law to which no response is required, and, on that basis, Defendant denies each and every such

8   allegation contained within paragraph 112.

9   ## FIFTH CLAIM – FEHA RETALIATION

10   (California Government Code § 12940(a))

11   71.     Answering paragraph 113 of the Complaint, Defendant reasserts and incorporates

12   by reference paragraphs 1 through 70 of its Answer as though fully set forth herein.

13   72.     Answering paragraph 114 of the Complaint, this paragraph contains conclusions

14   of law to which no response is required, and, on that basis, Defendant denies each and every such

15   allegation contained within paragraph 114.

16   ## SIXTH CLAIM – FAILURE TO PREVENT RETALIATION

17   (California Government Code §§ 12940(j)(1) & (k))

18   73.     Answering paragraph 115 of the Complaint, Defendant reasserts and incorporates

19   by reference paragraphs 1 through 72 of its Answer as though fully set forth herein.

20   74.     Answering paragraph 116 of the Complaint, this paragraph contains conclusions of

21   law to which no response is required, and, on that basis, Defendant denies each and every such

22   allegation contained within paragraph 116.

23   ## SEVENTH CLAIM – CALIFORNIA LABOR CODE § 1102.5

24   (California Labor Code § 1102.5)

25   75.     Answering paragraph 117 of the Complaint, Defendant reasserts and incorporates

26   by reference paragraphs 1 through 74 of its Answer as though fully set forth herein.

27   76.     Answering paragraph 118 of the Complaint, this paragraph contains conclusions

28   of law to which no response is required, and, on that basis, Defendant denies each and every such

1  allegation contained within paragraph 118.

2  **DAMAGES**

3  77.     Answering paragraph 119, and to the extent a response is required, Defendant

4  denies Plaintiff is entitled to any of the relief sought.

5  78.     Answering paragraph 119 (a) through 119 (c) of the Complaint, these paragraphs

6  contain conclusions of law to which no response is required, and, on that basis, Defendant denies

7  each and every such allegation contained within paragraph 119.

8  79.     Answering paragraphs 1 through 9 of Plaintiff's prayer for relief in the Complaint,

9  these paragraphs contain conclusions of law to which no response is required, and, on that basis,

10  Defendant denies each and every such allegation contained within paragraphs 1 through 9 of

11  Plaintiff's prayer for relief.

12  **AFFIRMATIVE DEFENSES**

13  As a separate and affirmative defense to each and every cause of action against Defendant

14  set forth in the Complaint, Defendant alleges as follows:

15  **FIRST AFFIRMATIVE DEFENSE**

16  Plaintiff's Complaint and each cause of action therein fail to state a claim upon which

17  relief can be granted.

18  **SECOND AFFIRMATIVE DEFENSE**

19  Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

20  **THIRD AFFIRMATIVE DEFENSE**

21  To the extent Plaintiff has made allegations that relate to claims based upon matters more

22  than three years prior to filing a charge of discrimination, harassment, or retaliation, if any, with

23  the California Department of Fair Employment and Housing and/or the Equal Employment

24  Opportunity Commission, the claims are barred pursuant to California Government Code § 12960

25  and California Code of Civil Procedure § 340.

26  **FOURTH AFFIRMATIVE DEFENSE**

27  Plaintiff's Complaint and each cause of action therein fail to allege facts sufficient to

28  establish a legal duty on the part of Defendant.

1

### FIFTH AFFIRMATIVE DEFENSE

2    Each of Plaintiff's purported claims set forth in the Complaint are barred, in whole or in

3    part, by the equitable doctrine of laches.

4

### SIXTH AFFIRMATIVE DEFENSE

5    Each of Plaintiff's purported claims set forth in the Complaint are barred by the doctrines

6    of consent, waiver, and estoppel.

7

### SEVENTH AFFIRMATIVE DEFENSE

8    Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean

9    hands and *In Pari Delicto*.

10

### EIGHTH AFFIRMATIVE DEFENSE

11    Plaintiff's recovery in this action is barred by her failure to exercise reasonable care and

12    diligence to mitigate her alleged damages. Alternatively, Defendant alleges that any recovery by

13    Plaintiff should be reduced by those damages Plaintiff failed to mitigate.

14

### NINTH AFFIRMATIVE DEFENSE

15    Any alleged conduct or omission(s) by Defendant and/or its agents was/were not the cause

16    in fact or proximate cause of any injury alleged by Plaintiff.

17

### TENTH AFFIRMATIVE DEFENSE

18    Plaintiff or others caused or contributed to the matters alleged, thereby causing and/or

19    contributing to injury or damage, if any.

20

### ELEVENTH AFFIRMATIVE DEFENSE

21    Plaintiff's Complaint and each cause of action therein are barred in whole or in part

22    because any and all actions taken with respect to Plaintiff were job-related for the position in

23    question and consistent with a legitimate business necessity.

24

### TWELFTH AFFIRMATIVE DEFENSE

25    Defendant was justified and exercised reasonable care, prudence, skill and business

26    judgment in the management of Plaintiff.  Any decisions with respect to Plaintiff were made

27    without consideration of improper or illegal matters.  Defendant acted in good faith, consistent

28    with the law and within its established policies and practices.  Defendant's actions were proper

1    and privileged.

2                              **THIRTEENTH AFFIRMATIVE DEFENSE**

3              Any relief to which Plaintiff may be entitled under her Complaint and each cause of action

4    therein should be barred and/or limited by after-acquired evidence of Plaintiff's misconduct.

5                            **FOURTEENTH AFFIRMATIVE DEFENSE**

6              Any recovery on Plaintiff's Complaint and each cause of action therein is barred by

7    California Labor Code §§ 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence

8    in the performance of her duties and failed to comply substantially with the reasonable directions

9    of her employer.

10                             **FIFTEENTH AFFIRMATIVE DEFENSE**

11             To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct by

12   Defendant's agents or employees, Plaintiff's claims are barred because such conduct was beyond

13   the course and scope of those agents' or employees' respective agency or employment with

14   Defendant.

15                             **SIXTEENTH AFFIRMATIVE DEFENSE**

16             Defendant alleges it appropriately, completely, and fully performed and discharged all

17   obligations and legal duties, if any, arising out of the matters alleged in Plaintiff's Complaint.

18                            **SEVENTEENTH AFFIRMATIVE DEFENSE**

19             Plaintiff's claims are barred, in whole or in part, to the extent she failed to comply with all

20   conditions precedent prior to filing suit including, but not limited to, exhaustion of administrative

21   remedies.

22                             **EIGHTEENTH AFFIRMATIVE DEFENSE**

23             The allegations in Plaintiff's Complaint may not exceed the scope and content of

24   Plaintiff's underlying administrative charges. Accordingly, to the extent Plaintiff's Complaint

25   encompasses any such claims, and/or events, those claims and/or events are not properly before

26   this Court, jurisdictionally or otherwise. *Okoli v. Lockheed Technical Operations Co.* (1995) 36

27   Cal.App.4th 1607, 1617.

28   ///

1

### NINETEENTH AFFIRMATIVE DEFENSE

2      Plaintiff' s claims are barred, in whole or in part, to the extent she failed to comply with

3    all conditions precedent prior to filing suit including, but not limited to, exhaustion of

4    administrative remedies.

5

### TWENTIETH AFFIRMATIVE DEFENSE

6      The claims advanced in the Complaint and the relief sought by Plaintiff are barred, in

7    whole or in part, because Defendant has never taken unlawful action against Plaintiff in any

8    respect, whatsoever, and all actions, if any, taken by Defendant were at all times in compliance

9    with federal and California law, and were taken in good faith and for lawful and legitimate non-

10   retaliatory reasons.

11

### TWENTY-FIRST AFFIRMATIVE DEFENSE

12     Defendant maintains lawful, reasonable policies prohibiting the conduct about which

13   Plaintiff complains and also maintains reasonable, lawful procedures for resolving any such

14   complaints.   To the extent Plaintiff may have reported any of these allegations, Defendant

15   promptly investigated and took reasonable, lawful corrective action. To the extent Plaintiff failed

16   to report any of these alleged violations and to invoke or exhaust Defendant's procedures, her

17   actions were unreasonable in view of her knowledge of the policies and the availability of a

18   means to complain.

19

### TWENTY-SECOND AFFIRMATIVE DEFENSE

20     Plaintiff's claims are barred, in whole or in part, because Defendant's actions were at all

21   relevant times justified and/or privileged.

22

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23     Plaintiff's claimed damages are too speculative to form a basis for recovery.

24

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25     Defendant is entitled to a credit or set-off for all damages claimed by Plaintiff that have

26   been or will be replaced or indemnified, in whole or in part, from a collateral source.

27

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

28     Plaintiff's Complaint and each cause of action therein fail to state a cause or causes of

action for attorneys' fees against Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by Plaintiff as a result of the events alleged in the Complaint are the legal responsibility of persons and entities, including Plaintiff, other than Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant would have made the same decision with respect to Plaintiff even in the absence of Plaintiff's alleged protected activity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Should it be determined that Plaintiff has been damaged, these damages were proximately caused by Plaintiff's own conduct or the conduct of a third person over whom Defendant had no control.  As a result, Plaintiff's recovery should be barred or reduced accordingly.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant believed that it was in compliance with all applicable laws. If Defendant is found to be non-compliant, the non-compliance is not substantial and was not intentional.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action contained therein, is preempted by the Higher Education Employer-Employee Relations Act.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages for emotional injuries, Plaintiff' s claims are barred by the exclusive remedy provisions of the Workers' Compensation Act, including but not limited to Labor Code §§ 132a and/or 3600 et seq. Alternatively, Defendant alleges that it may be entitled to a set off for any amounts paid to Plaintiff pursuant to the Workers' Compensation Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint and each cause of action therein are couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this

1    action. Accordingly, Defendant specifically reserves the right to assert additional affirmative

2    defenses as other facts and evidence become known to Defendant.

3    **<u>PRAYER FOR RELIEF</u>**

4        WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

5        1.    Plaintiff takes nothing by way of this action;

6        2.    Plaintiff's Complaint be dismissed in its entirety with prejudice;

7        3.    Defendant have judgment against Plaintiff;

8        4.    For an award of attorneys' fees and costs; and

9        5.    For such other and further relief as the Court may deem just and proper.

10

11   DATED: January 19, 2021                DELFINO MADDEN O'MALLEY COYLE &

12                                          KOEWLER LLP

13

14                                   By: /s/ Jennifer Randlett Madden

15                                     JENNIFER RANDLETT MADDEN

16                                     MONICA HANS FOLSOM

                                  KRISTIN N. IVANCO

17                                     Attorneys for Defendant

                                  THE REGENTS OF THE UNIVERSITY OF

18                                     CALIFORNIA

19

20

21

22

23

24

25

26

27

28